In re ODELL.   (No. 6133.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

TRUSTS (§ 225*)—TESTAMENTARY TRUSTEE—ACCOUNTING—COMMISSIONS.

   Where a testamentary trustee sold certain real estate belonging to the
   estate |and was charged with the gross proceeds of the sale, she was en-
   titled to credit for the amount of commissions paid by her in connection
   with the sale.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 322; Dec. Dig. §
   225.*]

Appeal from Surrogate's Court, New York County.

Judicial settlement of the accounts of Mary J. Odell, as sole sur-
viving testamentary trustee of Lawrence J. Odell, deceased.   From an
order denying a motion to reopen the hearing before a referee to take
and state the account, the trustee appeals.   Modified and affirmed.

See, also, 160 App. Div. 933, 145 N. Y. Supp. 1136.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Alfred L. Marilley, of New York City, for appellant.
Austin E. Pressinger, of New York City, for respondent.
Conrad S. Keyes, of New York City, for contingent remaindermen.

PER CURIAM.   We think the trustee should have been allowed,
in the settlement of her account, $200, the amount of commissions paid
by her upon the sale of certain lots in the Wakefield tract.   The ref-
eree, in his opinion, overruled the contestant's objections to these pay-
ments, but there was no mention of them in his report, or in the decree
of the Surrogate's Court confirming the same, and the trustee was
charged with the gross amount of sales.   This was evidently an in-
advertence.

The decree therefore should be modified by crediting the trustee
with the sum of $200; and, as thus modified, affirmed, with costs to
the respondent.

---

In re LA FAR.   (No. 5.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT OF ATTORNEY—CONVERSION OF
   CLIENT'S MONEY.

   Where respondent, an attorney, collected money for a client and failed
   to account for it, but converted it to his own use, and his only excuse
   was that his wife was ill and that he was under financial embarrassment,
   he was guilty of professional misconduct, and will be suspended from prac-
   tice for one year and until further order of the court.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55,
   56, 62; Dec. Dig. § 44.*]

Disbarment proceedings by the New York County Lawyers' Associa-
tion against Arthur B. La Far.   Application for judgment on referee's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

report finding respondent guilty of professional misconduct. Respondent suspended from practice for one year.

See, also, 153 App. Div. 894, 137 N. Y. Supp. 1126.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Einar Chrystie, of New York City, for petitioner.

William R. Wilder, of New York City, for respondent.

INGRAHAM, P. J. The respondent was retained by the Bessemer Limestone Company, an Ohio corporation, to collect a claim of $402. On October 4, 1911, he collected $52, and on October 6 and 7, 1911, $64.91. On October 11th he wrote his client that he had only succeeded in collecting $64.91. Subsequently he collected further sums, and on November 25, 1911, he received the balance of the amount due, having remitted to his client $100 on October 28, 1911. The client attempted to get a statement from the respondent, without success, most of the letters to the respondent being unanswered, but the respondent misappropriated the money, applying it to his own use. The official referee finds that the respondent misappropriated the money and deceived his client, and this charge is sustained beyond doubt. The referee's report is therefore approved.

The respondent's excuse is that his wife was ill with an incurable malady; that he neglected his business and was under financial embarrassment. He was, however, able to collect and spend his client's money, and there is no excuse for his deceiving his client. As this is the first charge against the respondent, and in view of the conditions existing, we feel that we are justified in not disbarring him, and he will be suspended from practice for one year, and until the further order of the court, with leave to the respondent to apply for reinstatement at the expiration of such period, upon showing that he has actually abstained from practice and has otherwise properly conducted himself. All concur.

---

SEILER v. KLUGMAN.   (No. 6167.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

Costs (§ 277*)—Payment—Stay of Proceedings.

　　A second suit upon substantially the same cause of action as the first will not be permitted until the costs of the first have been paid.

　　[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1048–1060; Dec. Dig. § 277.*]

Appeal from Special Term, Bronx County.

Action by Isaac Seiler against Julius Klugman. From a judgment denying a motion to stay all proceedings until payment of costs incurred in a prior action. Defendant appeals, order reversed, and motion granted.

See, also, 160 App. Div. 928, 145 N. Y. Supp. 1145.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.